Clerk

# IN THE UNITED STATES FOR THE DISTRICT OF NEW MEXICO

**CHERYL MORRIS AND LEE MORRIS,**

    **Plaintiffs,**

v.                                           No. CIV 99-0078 HB/LCS

**MIMBRES MEMORIAL HOSPITAL,
LENORE HOLGUIN, and DEFENDANTS
DOE I and II,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. Defendants move the Court to dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P.12(b)(6), claiming Plaintiffs' Complaint fails to establish that Defendants are state actors whose conduct was under color of law for purposes of liability under 42 U.S.C. § 1983. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be granted.

### I. Factual Background

On January 28, 1997, Plaintiff Cheryl Morris was working as a registered dental hygienist for Dr. W. Alan Andrews. On that day, she accidently pricked her right thumb with a contaminated needle. Ms. Morris reported the incident to Dr. Andrews. Dr. Andrews arranged to have Ms. Morris tested at Mimbres Memorial Hospital(MMH).

On January 30, 1997, Ms. Morris went to MMH and had blood drawn to have HIV antibody and hepatitis comprehensive profiles performed. After her blood was drawn, Ms. Morris proceeded

to the front desk and reception area to pay for the procedures. Defendant Leonore Holguin attended Ms. Morris and in a loud voice stated the purpose of Ms. Morris' visit. Ms. Morris noted the reaction of the individuals in the reception and waiting area and believed they had heard Defendant Holguin's statements.

Subsequently, it became apparent to Ms. Morris that the reason for her visit to MMH was known throughout the City of Deming. Ms. Morris claims there were derogatory signs regarding her posted at the women's restrooms at the K-Mart store and McDonald's Restaurant, she received threatening letters, patients scheduled to receive treatment by her canceled their appointments, and patients requested not to be treated by her. Additionally, Ms. Morris claims she was excluded and ostracized by co-workers.

## II. Standard of Review

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The court may dismiss only if it is clear that plaintiff cannot prove any facts entitling her to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with her allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff. *Beard v. City Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).

## III. Discussion

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting 'under color of state law.'" *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). Thus, the only proper defendants in a Section 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)(quoting *Monroe v. Pape*, 365 U.S. 167 (1961)).

In this case, Plaintiffs allege MMH is a state actor because it receives funding from federal, state, and county sources. However, "receipt of government aid ... without more" does not give rise to state action. *Loh-Seng Yo. v. Cibola General Hospital*, 706 F.2d 306, 307 (10th Cir. 1983). There is also the requirement that "the state must be involved not simply with some activity of the institution alleged to have inflicted the injury upon a plaintiff but with the activity that caused the injury." *Ward v. St. Anthony Hospital*, 476 F.2d 671, 675 (10th Cir. 1973). Plaintiffs have failed to allege any facts to show the state was involved in any significant manner in the specific conduct of which they complain. Accordingly, Plaintiffs have failed to establish state action sufficient to invoke the jurisdiction of the Court. Therefore, Defendants' Motion to Dismiss is granted.

3

NOW, THEREFORE,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims are dismissed without prejudice.

_____
**HOWARD C. BRATTON**
**UNITED STATES DISTRICT JUDGE**